Frank J. Kronenberg, J.
Petitioner by means of an article 78 proceeding seeks to have annulled the determination of the Commissioner of Motor Vehicles revoking petitioner’s operator’s license because of her “ refusal ” to submit to a chemical test.
This court has heard the respective attorneys, examined the moving papers, their briefs, and the transcript of the testimony taken at the motor vehicle hearing.
It appears to this court that the petitioner was attended all of the possible courtesies that could be granted her by the arresting officer and the hearing officer and that she was duly advised of her rights.
There is no dispute as to what was said by the respective parties relative to a refusal.
Apparently, the petitioner had consented to take the test initially. However, when informed that the test would be administered at the Meyer Memorial Hospital rather than the Amherst police station, she declined to go along because ‘ ‘ it was too far to go ”,
The determinative issue before us is whether or not the request of the arresting officer that she permit him to take her to the Meyer Memorial Hospital for the test that she had consented to take was unreasonable.
If this was an unreasonable request under the circumstances then petitioner cannot be deemed to have “ refused ”.
Certainly the police authorities of Amherst could best serve their community if they were supplied with the necessary equipment so that such tests could be made at the police station and not make it necessary to convey the accused a long distance at all hours of the night to a hospital.
*274 However, under the circumstances presented here the request that Mrs. Beck go to the Meyer Memorial Hospital for her test, was at best, an inconvenience, but was not unreasonable.
Therefore, the court must conclude that Mrs. Beck refused to take the test and that therefore the action of Referee Wozniak in revoking her license was justified.
Submit order denying petitioner’s motion.